ROMAN CATHOLIC APOSTOLIC CHURCH OF PORTO RICO, Plaintiff and Appellant, *v.* MUNICIPALITY OF ARECIBO, Defendant and Appellee.

No. 4433. Argued June 5, 1928.—Decided May 31, 1929.

*Samuel R. Quiñones* and *Feliú & La Costa* for the appellant. *Francisco M. Cadilla* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The Roman Catholic Apostolic Church of Porto Rico, diocese of San Juan, appeals from a judgment dismissing its complaint in an injunction proceeding to recover the possession of a chapel known as Monserrate Hermitage situated in the Monserrate hospital in the city of Arecibo and of two annexed halls, the allegation being that it was deprived of them by acts of the municipality of Arecibo through its mayor.

It is said in support of the appeal that the trial court erred in finding from the evidence that the material possession of the Monserrate Chapel by the plaintiff had not been proved, and in holding that the possession and enjoyment proved by the plaintiff were not of the nature of those protected by possessory injunctions. The two assignments of error may be considered jointly because they are closely related.

As this is a special proceeding to recover possession instituted within a year from the loss of the alleged possession by acts of the defendant, and as it appears from the record that there exists another ordinary action between the same parties which has some relation to the present action, for in it this plaintiff prays for a declaration of nullity of the record of possession made in the registry of property in favor of the municipality of Arecibo of the lot on which the Monserrate hospital is built, we shall limit the questions consid-

ered to the possession claimed and nothing that we may say now can affect the said ordinary action.

We have examined the evidence introduced by the parties in this action and it results therefrom that at the time of the construction of the said hospital years ago some sisters of the religious congregation Servants of Mary were transferred there to attend the patients and that the front hall at the right corner of the building was turned into a chapel so that the said sisters could offer their prayers and hear mass, one adjoining hall being used as a sacristy and another adjoining hall as a dining-room for the sisters. Access to those halls was through the hospital's main entrance and the place where the chapel was opened also directly on the square in front of the buildings by a side door which opened inwards. Later, and this also being many years ago, the said sisters were substituted by others from the congregation of Saint Vincent de Paul, also for attending the patients, they receiving salary, food and orders from the municipality of Arecibo which also bore all of the expenses of the hospital, its preservation and repair, including the aforesaid halls and chapel, to which it furnished electric lighting and paid the other employees of the hospital which was managed by a director. Those sisters paid the priest of the church of Arecibo for saying mass daily and when the said church was greatly damaged by the earthquakes of 1918 so that it had to be closed until after some time it was repaired and put into service again, religious services were temporarily transferred during that period to the chapel in the hospital. The expenses of the chapel were borne by those sisters of charity. Years later the municipality disoccupied the building in which that hospital was, it having built a new one to which the patients were transferred and fitted out the old hospital building as a public school, for which purpose it contracted a loan. The sisters of charity did not go to the new hospital and on their leaving the old Monserrate hospital a priest of the church caused a lock to be placed preventing communication with the hall where the

chapel had been. The lock was removed by order of the mayor of Arecibo and the church then brought this injunction proceeding on the ground that it had possession of the chapel hall and of the other two adjoining halls, one of which was used as a sacristy and the other as a dining-room for the religious sisters.

The foregoing facts justify the judgment appealed from, for although the religious sisters had possession of the said halls, it is true also that they had been brought to the hospital to take care of the patients and received salary, food and orders from the manager of the hospital, were employees of the municipality of Arecibo and therefore they held the possession as such employees of the municipality and the mere tolerance in permitting the use of one of the halls as a chapel did not constitute real possession to the prejudice of the right of the municipality in the building, since, as properly said by the trial court, notwithstanding that tolerance, the possession continued vested in the municipality which held it. A holder by acts merely tolerated can not recover the possession by injunction. 4 Manresa, 212; *Solis* v. *Castro,* 36 P.R.R. 94.

The judgment appealed from must be affirmed.